■ In the Matter of DAVID M. TENACE, Petitioner, v GREGORY LOMBARD, as Correction Officer at Clinton Correctional Facility, et al., Respondents. [849 NYS2d 735]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After receiving a letter from the Clinton County Clerk, petitioner was directed by a correction officer to turn the letter over to him. Petitioner did so but then snatched the letter back from the correction officer, ripped it into pieces and tried to swallow it. He then refused orders to spit out the letter, but eventually did so to avoid choking. As a result, petitioner was charged in a misbehavior report with interfering with an employee, refusing a direct order and possessing contraband. Following a tier III disciplinary hearing, he was found guilty of the first two charges. The determination was later affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with petitioner's own testimony, in which he admitted to taking the letter from the correction officer, ripping it up and putting it in his mouth, constitute substantial evidence supporting the determination of guilt (*see Matter of Johnson v Artus*, 32 AD3d 1146, 1147 [2006]; *Matter of Vidal v Goord*, 289 AD2d 759, 760 [2001], *lv denied* 97 NY2d 612 [2002]). Contrary to petitioner's assertions, a finding that the letter was contraband was not necessary to the determination of guilt on the other charges. Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Cardona, P.J., Spain, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.